UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

QUINTON DEWITT HATCHER,                )
                                       )
            Petitioner,                )
                                       )
v.                                     )       No. 2:19-CV-00037-JRG-CRW
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Quinton DeWitt Hatcher's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1], the United States' Response [Doc. 8], Mr. Hatcher's Addendum to § 2255 Habeas Motion [Doc. 14], Mr. Hatcher's Amended § 2255 Motion [Doc. 25], and the United States' Second Response [Doc. 27]. For the reasons herein, the Court will deny Mr. Hatcher's motions.

## I.    BACKGROUND

In 2017, Mr. Hatcher pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Notice of Intent to Plead Guilty, Doc. 515, at 1, No. 2:17-CR-00012; Factual Basis, Doc. 544, at 1–3, No. 2:17-CR-00012; J., Doc. 792, at 1, No. 2:17-CR-00012]. At sentencing, the Court deemed Mr. Hatcher, based on prior convictions, to be a career offender under the Sentencing Guidelines—specifically

USSG § 4B1.1.[1] *See* [PSR, Doc. 706, ¶¶ 31, 50–51, No. 2:17-CR-00012 (applying the career-offender enhancement under § 4B1.1); Statement of Reasons, Doc. 793, at 1, No. 2:17-CR-00012 (adopting the presentence investigation report without change)]. Those prior convictions were for drug-related offenses. [PSR ¶¶ 50–51].

With a criminal history category of VI and total offense level of 34, Mr. Hatcher had a guidelines range of 322 to 387 months' imprisonment, [Statement of Reasons at 1], but the Court granted Mr. Hatcher's motion for a variance and sentenced him to 240 months, [*id.* at 3; J. at 2]. He did not appeal the Court's sentence. Now, he moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States opposes his motion. Having carefully reviewed and considered Mr. Hatcher's claims and the parties' arguments, the Court is now prepared to rule on them.

## II.    STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which

---

[1] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). Similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d

695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III.  ANALYSIS

In pursuing § 2255 relief, Mr. Hatcher raises multiple claims of ineffective assistance of counsel, both in his original § 2255 motion and in an amended motion. In response, the United States argues that Mr. Hatcher's claims are conclusory, that his guilty plea bars his claims, that he has otherwise failed to show that his attorney was ineffective, and that not all of his claims are timely. [United States' Resp. at 6–12; United States' Second Resp. at 4–16.]. In addition, Mr. Hatcher, in a supplemental pleading, argues that he is entitled to § 2255 relief under the Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). The United States asserts that the doctrine of procedural default bars his *Rehaif* claim and that it otherwise fails on the merits. [United States' Second Resp. at 7–10.]

### A.  Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759,

4

771 n. 14 (1970). When a prisoner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process. *Id.*

A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either of the prongs of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697. In other words, even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Id.* at 691 (citation omitted). In short, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after

it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)).

In pursuing claims of ineffective assistance of counsel, Mr. Hatcher contends that his attorney's performance was deficient in three ways. First, he alleges that his attorney rendered ineffective assistance when he "stated on the record that he did not want to go to trial because he didn't want to lie under oath for his [client]." [Pet'r's Mot. at 4]. Second, he claims that his attorney rendered ineffective assistance because he "induc[ed]" him into entering a guilty plea. [Pet'r's Am. Mot. at 1]. And third, he claims that his attorney rendered ineffective assistance because he did not file an appeal. [*Id.* at 2–3].

### 1. *Attorney's Alleged Statement about Lying to the Court*

In claiming that his attorney stated that proceeding to trial would require him to lie under oath, Mr. Hatcher asserts that his attorney was ineffective because "no such attempt to persuade the attorney to lie under oath exist[ed]." [Pet'r's Mot. at 4]. And according to Mr. Hatcher, he suffered prejudice because his attorney "never declared what the alleged lie was," leaving the Court to "specialate" [sic] about it. [*Id.*]. In response, the United States argues that Mr. Hatcher's claim lacks enough factual development to form a viable claim for relief under § 2255. [United States' Resp. at 6–7]. The Court agrees.

Mr. Hatcher's allegations are insufficient to show that his attorney, through an objective standard of reasonableness, committed an "error[] so serious" as to demonstrate that he "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Strickland*, 466 U.S. at 687. His attorney's alleged concern about lying to the Court at trial, while possibly evidence of a

then-existing disagreement between Mr. Hatcher and his attorney,[2] does not even come to close to rising to the level of deficient performance. *See Smith v. Winn*, 714 F. App'x 577, 578 (6th Cir. 2018) ("[U]nder *Strickland* we may deem counsel's performance inadequate only if []he made an error 'so serious' that []he effectively provided no counsel at all." (citing *id.* at 687)).

In addition, Mr. Hatcher's assertion of prejudice—i.e., that his attorney did not identify the lie and that the Court had to speculate about its nature—hardly amounts to a due-process violation. *See Strickland*, 466 U.S. at 687 (stating that to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process). Even if it did, Mr. Hatcher, during his plea colloquy, waived his due-process rights, including his right to trial. [Hr'g Tr., Doc. 945, at 11:11–17]; *see United States v. Ruiz*, 536 U.S. 622, 628–29 (2002) (stating that a defendant who pleads guilty "forgoes not only a fair trial, but also other accompanying constitutional guarantees" (citation omitted)). So whatever prejudicial effect that his attorney's alleged statements about trial had at the time is inconsequential and cannot support a claim of ineffective assistance of counsel. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that [may have] occurred prior to the entry of the guilty plea."). Mr. Hatcher therefore falls short of establishing that he is entitled to the extraordinary remedy of § 2255 relief.

---

[2] Mr. Hatcher's attorney, Mark S. Hanor, whom Mr. Hatcher identifies in his amended motion as the attorney at issue here, had filed a motion to withdraw from his representation of Mr. Hatcher, but the Court denied the motion. [Mot. Withdraw, Doc. 505, No. 2:17-CR-00012; Order, Doc. 508, No. 2:17-CR-00012]. Afterwards, Mr. Hatcher filed a notice of intent to plead guilty and pleaded guilty.

7

## 2.  Attorney's Alleged Inducement of Mr. Hatcher

Next, Mr. Hatcher claims that his attorney was ineffective because he "forc[ed] [him] to plea without a valid plea agreement." [Pet'r's Mot. at 5]. Mr. Hatcher elaborates further on this claim in his amended pleading, in which he alleges that, in "behind-the-scenes" conversations with his attorney, he told his attorney that he possessed a firearm to protect his three children and himself from a white supremacist group. [Pet'r's Am. Mot. at 1]. Yet "despite the[se] conversations," his attorney later "induc[ed]" him into agreeing, in the factual basis of his plea agreement, that he possessed the firearm to protect methamphetamine and the proceeds of the sale of methamphetamine. [*Id.*]. According to Mr. Hatcher, "the induced 924(c) charge [was] mispresented," [*id.* at 2], and his plea agreement is therefore invalid, [Pet'r's Mot. at 5]. In response, the United States asserts that his guilty plea was knowing and voluntary and precludes his claim. [United States' Resp. at 9–12].

*Strickland*'s two-pronged test applies to challenges of guilty pleas based on a claim of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though to establish the second prong of prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.* at 59 (footnote omitted). The general rule, though, is that "a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008).

Despite Mr. Hatcher's assertions otherwise, the record establishes that his guilty plea was knowing and voluntary. While under oath, Mr. Hatcher attested during his plea colloquy that he had read his plea agreement, that it was true and correct, that he had consulted with his attorney and acquired an understanding of the proceedings and the case against him, and that he was

8

pleading guilty because he was in fact guilty. And, importantly, he also stated, while under oath, that he had read his plea agreement's factual basis, that the facts in the factual basis were true and correct, and that no one had put any pressure on him mentally or physically to force him to plead guilty. The Court therefore found that he had knowingly and voluntarily offered to plead guilty.

Mr. Hatcher's "[s]olemn declarations in open court carry a strong presumption of verity," and his declarations, as well as the Court's findings, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), *see Marks v. Davis*, 504 F. App'x 383, 386 (6th Cir. 2012) (acknowledging "the plea transcript itself carries great weight" (citing *id.*)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry.'" (quotation omitted)). In fact, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

So when a petitioner, like Mr. Hatcher, later tries to double back on sworn statements that he made in open court, he generally cannot succeed on a claim of ineffective assistance of counsel. *See Winans v. United States*, No. 17-1535, 2017 WL 8315838, at *3 (6th Cir. Oct. 20, 2017) ("This ineffective-assistance claim, similar to the preceding ineffective-assistance claim, is foreclosed by [petitioner's] knowing and voluntary guilty plea[.]"); *Brittian v. United States*, Nos. 1:08–cv–169, 1:04–cr–150, 2011 WL 1768864, at *9 (E.D. Tenn. May 9, 2011) ("[The petitioner's] plea was knowing and voluntary and his ineffective assistance of counsel claim regarding his plea fails."); *Cordell v. United States*, Nos. 4:05-cv-47, 4:00-cr-13-01, 2008 WL 4568076, at *9 (E.D. Tenn. Oct. 14, 2008) ("[T]he ineffective assistance of counsel claim fails

9

because [petitioner's plea was] knowing and voluntary[.]"); *see also Villa-Rodriguez v. United States*, No. 2:15-cv-02690, 2016 WL 6277861, at *4, 6 (S.D. Ohio Oct. 27, 2016) ("Petitioner asserts that his trial attorney performed in a constitutionally ineffective manner because he failed to advise him that the government lacked a factual basis for his guilty plea . . . . The record belies this assertion. . . . Based on this record, Petitioner will not now be heard to deny the facts to which he once agreed under oath."); *Dallas v. United States*, Civ. No. 12-15495, Crim. No. 10-20488, 2013 WL 3448249, at *4 (E.D. Mich. July 9, 2013) ("Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea . . . is not objectively unreasonable given the evidentiary basis for his guilty plea."); *Harrison v. Bauman*, No. 2:10–cv–188, 2012 WL 3206044, at *2 (W.D. Mich. Aug. 7, 2012) ("The Sixth Amendment claim of ineffective assistance of counsel is properly denied. [The petitioner] entered a knowing and voluntary plea of guilty[.]").

Because the record shows that Mr. Hatcher's guilty plea was knowing and voluntary, and because he provides the Court with no viable basis to conclude otherwise, he cannot seek to vacate his conviction by claiming that events prior to his guilty plea were blighted with the specter of unconstitutional conduct. *See Tollett*, 411 U.S. at 267 ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that [may have] occurred prior to the entry of the guilty plea.").

In a similar vein, although Mr. Hatcher also contends that his plea agreement was not "proper" and "shouldn't be . . . recognized by the court" because "the government never made a nexus between the gun and the drugs," [Pet'r's Mot. at 5], the knowing and voluntary nature of

10

his plea forecloses this argument, too. Again, "a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction,'" *Martin*, 526 F.3d at 932 (quotation omitted), and again, Mr. Hatcher stipulated, under oath, that his plea agreement's factual basis was true and correct. In that factual basis, he agreed that "he possessed the aforementioned firearms for the purposes of protecting himself, methamphetamine and proceeds from the sale of methamphetamine." [Factual Basis at 3]. His plea agreement and the knowing and voluntary guilty plea that accompanied it now preclude him from arguing that the evidence is insufficient to support his conviction under § 924(c)(1)(A). *Martin*, 526 F.3d at 932; *see United States v. Turner*, 272 F.3d 380, 389 (6th Cir. 2001) ("[The defendant's] unconditional plea waives all nonjurisdictional defenses to his conviction." (citations omitted)). In addition, Mr. Hatcher's knowing and voluntary guilty plea vitiates any argument that his attorney was ineffective for failing to raise the meritless argument that the evidence was insufficient to support his conviction under § 924(c)(1)(A). *See Mapes*, 171 F.3d at 427 (stating that "[c]ounsel could not be unconstitutionally ineffective for failing to raise [a] meritless argument").

In fact, even in cases in which a defendant has proceeded to trial, the sufficiency of the evidence is not reviewable on a § 2255 motion. *See United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) ("[W]e have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding." (citation omitted)); *United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961) ("A Section 2255 proceeding cannot be used as a substitute for an appeal. The sufficiency of the evidence to prove the alleged offenses will not be reviewed in such a proceeding." (citations omitted)); *Mitchell v. United States*, Nos. 2:05-CV-274, 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) ("Section 2255 cannot be used to attack the sufficiency of the evidence by which a defendant is convicted, as that

11

is an issue that can be raised only by direct appeal." (citing *Stephan v. United States*, 496 F.2d 527, 528–29 (6th Cir. 1974))). Once again, Mr. Hatcher fails to identify a claim entitling him to the extraordinary remedy of § 2255 relief.

### 3. *Attorney's Alleged Failure to File an Appeal*

Next, Mr. Hatcher alleges one new claim in his amended pleading: that his attorney was ineffective because he failed to file an appeal. [Pet'r's Am. Mot. at 2–3; Pet'r's Aff., Doc. 25-2, ¶ 7]. When an attorney fails to follow a client's directive to file an appeal, his performance, as a matter of course, is deficient under an objective standard of reasonableness, and it creates a presumption that the client has suffered prejudice. *See Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004) ("Under the *Strickland* standard, the failure of [the defendant's] attorneys to file a timely appeal on his behalf, despite his purported request that they do so, would fall below an objective standard of reasonableness." (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000))), *abrogated on other grounds by Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011); *see also Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" (quoting *Flores-Ortega*, 528 U.S. at 484)). In sum, "so long as Mr. Hatcher] can show that 'counsel's constitutionally deficient performance deprive[d] him of an appeal that he otherwise would have taken,'" this Court "[is] to 'presum[e] prejudice with no further showing from [Mr. Hatcher] of the merits of his underlying claim[].'" *Garza*, 139 S. Ct. at 747 (quoting *Flores-Ortega*, 528 U.S. at 484)).

Mr. Hatcher's claim, however, does not resonate as one in which his attorney failed to heed an instruction to file an appeal on his behalf. Rather, Mr. Hatcher alleges that he discussed an appeal with his attorney and his attorney "advised" him against one and "coerced" him into

"not filing" one "due to the possibility of more prison time." [Pet'r's Am. Mot. at 2–3]. These allegations suggest that Mr. Hatcher understood his attorney was not going to file an appeal. He does not allege that, despite his attorney's advice against filing an appeal, that he instructed him to file one anyway. Besides, his allegation that his attorney "coerced" him into not taking an appeal is entirely conclusory, lacking sufficient factual development to warrant relief or an evidentiary hearing. *See Jefferson*, 730 F.3d at 547 ("Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" (quotation and citation omitted)); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (describing a petitioner's § 2255 claims as "insufficient to sustain a review" because they were "stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof"); *see also Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (stating that the district court may decline to hold an evidentiary hearing if the petitioner's allegations consist of "conclusions rather than statements of fact" (quotation omitted and internal quotation mark omitted)).

In any case, Mr. Hatcher's claim is untimely, as the United States argues. Mr. Hatcher's amended claim is subject to § 2255's one-year statute of limitations, *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008),[3] which states:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[3] Although the Court, in the absence of opposition from the United States, granted Mr. Hatcher leave to file his amended pleading, it made no ruling as to the timeliness of that pleading. The Court is without authority to extend § 2255's one-year statute of limitations. *Starnes v. United States*, 18 F. App'x 288, 293 n.2 (6th Cir. 2001); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001).

13

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). In Mr. Hatcher's case, § 2255(f)(1) and (f)(4) are the only relevant subsections. Under § 2255(f)(1), the Court's criminal judgment against him became final on the expiration of the last day on which he could have timely appealed that judgment, *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004), and that day was April 4, 2018—the two-week mark from the Court's entry of judgment on March 21, 2018, *see* Fed. R. App. P. 4(b)(1) (stating that a defendant must tender his notice of appeal within fourteen days of a district court's entry of judgment). Mr. Hatcher sought leave to file his amended pleading on May 17, 2021, and filed his amended pleading on August 2, 2021—both well past the April 4, 2018 deadline. His amended claim is therefore untimely under § 2255(f)(1).

Although Mr. Hatcher's amended claim is clearly untimely under § 2255(f)(1) because he filed it on August 2, 2021—well over a year after his judgment became final—it can still be timely under § 2255(f)(4) if August 2, 2020, is the latest date on which, with the exercise of due diligence, he could have discovered that his attorney did not file an appeal on his behalf. 28 U.S.C. § 2255(f)(4). "[T]he petitioner bears the burden of proving that he exercised due diligence." *Johnson v. United States*, 457 Fed. Appx. 462, 468 (6th Cir. 2012) (quotation marks and citation omitted). Mr. Hatcher appears to allege that he discovered his attorney was not going to file an appeal "[a]fter sentencing" while "in the holding room in the Courthouse," where his attorney

14

advised him against an appeal. [Pet'r's Aff. ¶ 7]. The date of sentencing was March 19, 2018, so under § 2255(f)(4), Mr. Hatcher's amended claim was due no later than March 19, 2019, but again, he did not seek leave to file it, or actually file it, until well after that date.

Apart from alleging that he discovered his attorney was not going to file an appeal while conversing with him in the holding room after his sentencing hearing, Mr. Hatcher provides the Court with no other allegations or evidence concerning when he discovered his attorney did not file an appeal. Although he has filed a handwritten copy of a letter that he claims he had sent to his attorney on June 18, 2018, this letter is not evidence showing that he *discovered* his attorney did not file an appeal. Rather, it is nothing more than an inquiry into the status of the appeal. *See* [Pet'r's Letter, Doc. 25-2, at 2 (asking how long the appeal will take, what the chances of success are, and if he can have a copy of the appellate brief)]; *see United States v. Moore*, 438 F. App'x 445, 448 (6th Cir. 2011) (rejecting the petitioner's ineffective assistance of counsel claim as untimely under § 2255(f)(4) because he offered no evidence showing when he discovered that his attorney was not going to file an appeal). Because the record indicates only that Mr. Hatcher discovered his attorney was not going to file an appeal on March 19, 2018, his amended claim was due on March 19, 2019, and it is clearly untimely under § 2255(f)(4) because he did not seek leave to file it, or actually file it, until 2021.

Although Mr. Hatcher's amended pleading is untimely, his claim will still be entitled to consideration on the merits if Mr. Hatcher can establish, under Federal Rule of Civil Procedure 15(c), that it relates back to the claims in his original motion. *See Howard*, 533 F.3d at 475–76 (recognizing that a motion to amend a § 2255 petition "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)"); *see also White v. United States*, No. 3:13-CR-71-TAV-

15

HBG, No. 3:15-CV-502-TAV, 2019 WL 1140175, at *3 (E.D. Tenn. Mar. 12, 2019) ("The burden rests on petitioner to show that the claim in her supplemental motion 'relates back' to the initial § 2255 motion[.]"). Rule 15(c)(1)(B) states that an amendment to a complaint relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" "The key words are 'conduct, transaction, or occurrence,'" which mean that an original motion and a supplemental motion must "state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 656, 664 (2005) (footnote omitted). An amended motion does not relate back to the original motion "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

To start with, the Court would be remiss if it did not point out that Mr. Hatcher does not attempt to argue that his ineffective assistance of counsel claim—i.e., his claim that his attorney failed to file a timely appeal—in his amended pleading relates back to his original claims, and he therefore makes no headway in discharging his burden. In any case, his amended claim does not pass muster under Rule 15(c). His amended claim is a new claim, having no traceable relationship back to the claims in his original motion, in which he alleges separate acts of ineffective assistance of counsel, i.e., ineffective assistance for making statements about lying to the Court and for inducing him into a plea agreement. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (quoting *Cox v. Curtin*, 698 F. Supp. 2d 918, 931 (W.D. Mich. 2010))); *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255

16

petition to add a completely new claim after the statute of limitations has expired."). So in sum, Mr. Hatcher's amended claim does not relate back to the claims in his original motion, and § 2255(f)'s one-year statute of limitations therefore prohibits it.

### B. *United States v. Rehaif*

In *Rehaif*, the Supreme Court held that the United States cannot obtain a conviction under § 922(g) unless it proves that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Mr. Hatcher, in a supplemental motion, contends that "the stipulations in his plea agreement are insufficient to establish guilt under 18 U.S.C. § 922(g)(1) and 924as a consequence of *Rehaif*." [Pet'r's Suppl. Mot. at 1]. Although the United States concedes that Mr. Hatcher's claim under *Rehaif* is timely, it argues that the doctrine of procedural default bars it and that it otherwise fails on the merits. [United States' Second Resp. at 7–10].

The Court agrees that the doctrine of procedural default forestalls Mr. Hatcher's claim under *Rehaif*. Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a § 2255 petition unless he can establish cause and prejudice to excuse his failure. *Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013). The "hurdle" that a petitioner must vault to excuse procedural default is "intentionally high . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (citation omitted). The element of cause requires "good cause" for the petitioner's failure to raise his claims on direct appeal, and the element of prejudice requires a showing that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528

17

(6th Cir. 2003) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)).[4] Mr. Hatcher never brought an appeal in which he challenged his conviction under § 922(g)(1) by contending that his knowledge of his status as a convicted felon was a necessary element of conviction. Despite having not brought an appeal based on his knowledge of status, or lack thereof, he makes no colorable argument that cause and prejudice now entitle him to contest his knowledge of status in a § 2255 proceeding. He has therefore procedurally defaulted on his claim under *Rehaif*.[5]

In addition, the fact that *Rehaif* did not yet exist at the time of his conviction does not mean that he could not have challenged his conviction on the same grounds that the defendant in *Rehaif* did on appeal. *Cf. United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) ("[I]t would be self-refuting for [the defendant] to argue that he could not have presented his claim until after *Rehaif* was decided. After all, the defendant in *Rehaif* did just that. Accordingly, [the defendant's] *Rehaif* claim is forfeited."); *see United States v. Hobgood*, Nos. 4:20-cv-1, 4:17-cr-15, 2020 WL 2601653, at *3 (E.D. Tenn. May 21, 2020) (ruling that the petitioner, even though his conviction occurred before the Supreme Court granted certiorari on or decided *Rehaif*, had procedurally defaulted on his *Rehaif* claim because he "did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as a felon"

---

[4] Rarely, a defendant who fails to establish cause and prejudice can still obtain review of his post-conviction claims if it is necessary to avoid a fundamental miscarriage of justice, as when a defendant is able to show his actual innocence by submitting new evidence to the Court. *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Although Mr. Hatcher pleads that, in light of *Rehaif*, he is "actually innocent" of his conviction under § 922(g)(1), [Pet'r's Suppl. Mot. at 1], "'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley*, 523 U.S. at 622–24 (citation omitted)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (stating that the actual-innocence exception deals with a "severely confined category [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" (quotation omitted)); *Jamison v. Collins*, 100 F. Supp. 2d 521, 533 (S.D. Ohio 1998) ("To demonstrate a 'fundamental miscarriage of justice,' a petitioner must show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent." (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986))).

[5] "The Supreme Court has made clear that attorney error can excuse a petitioner's procedural default, but only where attorney error amounts to ineffective effective assistance of counsel." *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). The Court, however, has already determined that Mr. Hatcher lacks a viable claim of ineffective assistance of counsel.

18

(citing *id.*)); *Corthion v. United States*, No. 1:18-cv-01120-JDB-jay, 2021 WL 3131693, at *4 (W.D. Tenn. July 23, 2021) ("Petitioner procedurally defaulted the [*Rehaif*] claim by failing to make the argument on direct appeal. The inmate has not argued cause and prejudice to excuse the default or that he is actually innocent of the crime. And even if he means to suggest that cause can be found in the fact that *Rehaif* was not decided until several years after his conviction became final, he would be mistaken. . . . [T]he argument that knowledge of status is an element of the felon-in-possession offense was available to all defendants prior to *Rehaif*." (citing *Hobgood*, 2020 WL 2601653 at *3)).

But even if Mr. Hatcher had not procedurally defaulted on this claim, it still offers him no viable grounds for relief because, as the United States argues, the record firmly establishes that he knew he was a convicted felon. *See Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021) ("[A]fter the Supreme Court decided *Rehaif*, we clarified that the government is not required to show that a defendant knew that convicted felons are prohibited from possessing firearms under § 922(g)(1). Rather, the government need only prove that a defendant knew that he was a convicted felon." (citing *United States v. Bowens*, 938 F.3d 790, 797–98 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020))). Mr. Hatcher acknowledged, under oath, that he knew he was a convicted felon during his plea colloquy:

> The Court: Okay. Let me ask you. Are you—have you been convicted of a crime punishable by a term exceeding one year?
>
> Mr. Hatcher: Yes, sir.
>
> The Court: And can you tell me what that is? Do you recall what that is?
>
> Mr. Hatcher: Marijuana charges.
>
> The Court: Drug charges?

Mr. Hatcher: Drug charges, yeah.

The Court: Okay. They were felony charges?

Mr. Hatcher: Yes, sir.

The Court: And were you convicted of those charges prior to possession of the firearm in this case?

Mr. Hatcher: Yes, sir.

[Hr'g Tr. at 13:16–25, 14:1–5].

Because Mr. Hatcher acknowledged during his plea colloquy that he knew of his status as a felon, *Rehaif* cannot now avail him. *See Kelley*, 2021 WL 2373896 at *2 ("[W]e affirm the denial of the § 2255 motion based on the district court's alternative ruling that [the petitioner] is not entitled to relief under *Rehaif* because he acknowledged that he had prior felony convictions for which he had served terms of imprisonment exceeding one year." (citing *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017))); *cf. United States v. Lee*, 834 F. App'x 160, 167–68 (6th Cir. 2020) (rejecting, on direct appeal, the petitioner's *Rehaif* claim because he "stipulated that he 'had been convicted of a felony, a crime punishable by more than one year in prison, knew that he had been convicted of a felony, and had not had his conviction expunged or his rights restored'"). In addition, the PSR shows that he served a multiyear sentence for his prior felony drug convictions, further cementing his prior knowledge of his status as a felon. [PSR ¶ 51]; *cf. Lee*, 834 F. App'x at 168 ("'[N]o reasonable juror could have believed that [the defendant] did not know he had been convicted . . . of a crime punishable by imprisonment for a term exceeding one year,' when the defendant had previously served a multiple-year stint in prison." (alterations in original) (quoting *United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020))). In sum, the record incontrovertibly

establishes that Mr. Hatcher knew he was a convicted felon, and he is therefore not entitled to § 2255 relief under *Rehaif*.

### C. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Hatcher to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Hatcher's claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Hatcher.

### IV.   CONCLUSION

As the petitioner under § 2255, Mr. Harris fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] is therefore **DENIED**, and his supplemental and amended motions [Docs. 14 & 25] are likewise **DENIED**. This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

Case 2:19-cv-00037-JRG-CRW   Document 28   Filed 02/08/22   Page 22 of 22   PageID #: 103